UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
RAYMOND AIGBEKAEN,                 :
                                   :
        Plaintiff,                 :   Civ. No. 20-1517 (NLH) (KMW)
                                   :
    v.                             :   OPINION
                                   :
HURWITZ, et al.,                   :
                                   :
        Defendants.                :
                                   :
_____:

APPEARANCE:

Raymond Aigbekaen
94655-379
Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640
    Plaintiff Pro se


HILLMAN, District Judge

    Plaintiff Raymond Aigbekaen, an inmate presently incarcerated at FCI Fort Dix, New Jersey, seeks to bring this civil action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  See ECF No. 1 (Complaint).  This Court administratively terminated the complaint as Plaintiff had not paid the filing fee or submitted

an in forma pauperis application.  ECF No. 5.  Plaintiff has submitted an in forma pauperis application for the Court's consideration.  ECF No. 6.

Title 28, section 1915 of the United States Code establishes certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis.  Under § 1915, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee.  28 U.S.C. § 1915(a)(1).

Plaintiff's in forma pauperis application is incomplete. ECF No. 6.  He submitted an account statement but no affidavit as required by 28 U.S.C. § 1915.  Plaintiff must submit either the $350 filing fee and $50 administrative fee or a complete in forma pauperis application for the Court's review before the Clerk will file the complaint.  Plaintiff does not need to submit a new account statement; he need only fill out the form and return it to the Court.

CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without

filing the Complaint or assessing a filing fee.[1]  The Clerk will be directed to reopen the matter once Plaintiff submits a new application.  An appropriate Order follows.

Dated: May 6, 2020                     s/ Noel L. Hillman
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

3